# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 1, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**THOMAS CHARLES,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0749** (BOR Appeal No. 2048281)
                     (Claim No. 2001050236)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**KAMCO TRANSPORT, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas Charles, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of the Insurance Commissioner, by Anna L. Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 1, 2015, in which the Board affirmed a March 19, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 15, 2011, decision to deny a permanent total disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Charles, a coal truck driver for Kamco Transport, Inc., was filling his tire with air on April 18, 2001, when the tire exploded and knocked him unconscious. The assessment from Charleston Area Medical Center was a closed head injury, blunt chest trauma, contusions on both shoulders, and an acute cervical strain.

Reports from Kings Daughters' Medical Center on April 21, 2001, showed that his chief complaint was pain in his thoracic spine. He also complained of headache, dizziness, loss of balance, and difficultly walking. The impression was closed head injury, post-concussive syndrome, thoracic spine pain, and intractable pain. An MRI noted findings of pre-existing degenerative changes in the lower thoracic spine but no evidence of a compression fracture or disc space narrowing. The MRI of the neck showed some increased uptake in some of the cervical bones but no significant degenerative disc disease or cord compression. He also had no sign of myelopathy. An October 31, 2001, MRI of the brain revealed findings suggestive of ischemic foci on the basis of chronic small vessel cerebrovascular disease; however, one focus in the subcortical white matter of the right corona radiata appeared more subacute. No hemorrhage was seen.

Jerry Scott, M.D., performed an independent medical evaluation on June 11, 2002, and found Mr. Charles to be at maximum medical improvement. Dr. Scott recommended 8% upper extremity impairment and 0% impairment from other disorders including peripheral nerve and vascular system impairment. Dr. Scott used Table 3 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), which converted to 5% whole person impairment. Dr. Scott found 10% whole person impairment for the loss in range of motion of the cervical spine.

From August 6, 2002, through November 10, 2010, Mr. Charles was seen periodically by Samuel Januszkiewicz, M.D., a psychiatrist. The primary diagnosis was organic brain syndrome, which was noted to be long-term. The prognosis was found to be poor. Mr. Charles's symptoms were poor concentration, poor and variable mood, decreased sleep, irritability, variability in neurologic functioning including senses of smell and vision, limitations in strength, fatigue, forgetfulness, and headaches. Dr. Januszkiewicz opined that he needed continued psychiatric attention.

On February 21, 2003, Joseph Touma, M.D., opined that his vision and hearing loss was at least in part due to his accident. He opined that Mr. Charles was at maximum medical improvement and suffered 12% whole person impairment based upon his loss of vision. In his report, audiometric testing indicated a mild to moderate mixed hearing loss in the right ear as well as mild to severe mixed hearing loss in the left ear. He noted that it was unlikely that the accident caused the fluctuation in hearing thresholds. The best audiogram, he opined, was the one taken on April 9, 2002, which revealed .92% whole person impairment.

Paul Craig, M.D., performed an independent medical evaluation on January 28, 2004, and opined that Mr. Charles was at maximum medical improvement. In relation to the back, 12% whole person impairment for the cervical region and 14% whole person impairment for the lumbosacral region he felt was appropriate.

On June 23, 2004, Lee Howard, Ph.D., a psychologist, performed a neuropsychological examination. Based upon the review of records, history, and an examination he found that Mr. Charles was at his maximum medical improvement. He opined that there appears to be unrelated cerebrovascular disease which is likely contributing to the clinical picture and may in fact account for the possible reduction in memory concentration. Dr. Howard opined that he currently has 5% whole person impairment related to the compensable injury.

Richard Clary, M.D., evaluated Mr. Charles for psychiatric issues on June 29, 2004, and found that Mr. Charles has a level II impairment, which equates to 10% whole person impairment. He further opined that the allowed psychiatric conditions are not work-prohibitive. On August 17, 2014, the claims administrator granted a 24% permanent partial disability award. Then on April 7, 2005, the claims administrator granted another 5% permanent partial disability award.

On August 3, 2005, Roger Baisas, M.D., found in his independent medical evaluation that Mr. Charles had reached his maximum medical improvement. He found that Mr. Charles suffered from an impairment rating of 8% for the central nervous system, of which 5% was for the transient loss of consciousness and 3% was for the effects of treatment or lack of treatment. On October 4, 2005, the claims administrator granted Mr. Charles a 10% psychiatric award. Thereafter on November 25, 2005, an application for permanent total disability benefits was filed by Mr. Charles related to the April 18, 2001, work injury.

On November 24, 2009, a functional capacity evaluation indicated that Mr. Charles was currently testing at the light physical demand level. A permanent total disability independent vocational report performed by Catherine L. Phillis-Harvey on November 30, 2009, indicated Mr. Charles would not be able to sustain employment without assistance and constant cueing to stay on task. Luis Loimil, M.D., performed an independent medical evaluation on January 25, 2010. He opined that Mr. Charles had reached maximum medical improvement and suffered from a total of 21% whole person impairment based upon his orthopedic injuries. Based on loss of motion, Dr. Loimil calculated 8% whole person impairment for the lumbar spine, 8% whole person impairment for the cervical spine, 5% whole person impairment for the thoracic spine, and 3% whole person impairment for loss of motion in the left shoulder.

Ralph Smith, M.D., performed psychological testing and found that Mr. Charles was at maximum medical improvement. He diagnosed cognitive disorder and affective disorder secondary to brain trauma, depressed type. He found Mr. Charles's psychiatric problems would not preclude him from working. He recommended 7% whole person impairment for the cognitive disorder.

On May 26, 2011, the Permanent Total Disability Review Board issued its final recommendations, which found 43% total whole person impairment. The Permanent Total Disability Review Board found 8% whole person impairment for the lumbar spine, 5% whole person impairment for the thoracic spine, 8% whole person impairment for the cervical spine, 7% whole person impairment for the cognitive disorder, 3% whole person impairment for the left shoulder, 0% whole person impairment for the right shoulder, 12% whole person impairment for

the vision loss, 10% whole person impairment in for the psychiatric conditions, and 1% whole person impairment for the hearing loss. On June 15, 2011, the claims administrator denied the application for permanent total disability based on the recommendations of the Permanent Total Disability Review Board.

The Office of Judges determined that Mr. Charles was not entitled to a permanent total disability award because he failed to meet the 50% whole person impairment threshold standard in West Virginia Code § 23-4-6(n)(1) (2005). The Office of Judges determined that Mr. Charles had 10% whole person impairment related to his psychiatric impairment and the Permanent Total Disability Review Board agreed. The Permanent Total Disability Review Board determined that he was also entitled to another 7% whole person impairment related to his cognitive disorders. The Permanent Total Disability Review Board recommended 12% whole person impairment for the loss of vision, and 1% whole person impairment for hearing loss. The Permanent Total Disability Review Board also found 22% whole person impairment related to orthopedic issues. Overall, the Office of Judges accepted the findings of the Permanent Total Disability Review Board and concluded that Mr. Charles suffered from 43% whole person impairment. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on July 1, 2015.

After review, we agree with the consistent decisions of the Office of Judges and Board of Review. The Permanent Total Disability Review Board determined that Mr. Charles did not suffer from 50% whole person impairment. Because the conclusions of the Permanent Total Disability Review Board were supported by the evidence, it was not in error for the Office of Judges and Board of Review to adopt its conclusions.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 1, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4